United States District Court
Southern District of New York
─────────────────────────────────

RICARDO MUIR,

                Petitioner,      07 Civ. 7573 (JGK)

    - against -                MEMORANDUM OPINION
                                                        AND ORDER
STATE OF NEW YORK,

                Respondent.

─────────────────────────────────

JOHN G. KOELTL, District Judge:

    In the petitioner's reply brief dated January 27, 2008, the petitioner raises new claims that were not raised in the petition. In particular, the petitioner raises claims of ineffective assistance of trial and appellate counsel. The Court will not consider claims raised for the first time in a reply brief, because the respondent would not have the opportunity to respond to the new claims. See Keefe v. Shalala, 71 F.3d 1060, 1066 n. 2 (2d Cir. 1995); Oliver v. U.S., No. 01 CV 7821, 2008 WL 190487, at *3 n.1 (S.D.N.Y. Jan. 22, 2008).

    Therefore, if the petitioner wishes to raise claims not included in the petition, the petitioner should file a motion for leave to amend his petition by **February 29, 2008**. The respondent should respond by **March 14, 2008**. The petitioner should submit a reply, if any, by **March 28, 2008**. This process allows the petitioner to explain why the new claims should be

added. It also allows the respondent to agree to the amendment or to explain why the new claims should not be added, including that the petitioner has not exhausted his remedies in state court with respect to such claims. The Court notes that the Court cannot grant a petition for habeas corpus based on any claim for which the petitioner has not exhausted his state court remedies, although the Court can deny such a claim on the merits.

To the extent the petitioner seeks to amend the petition to add claims that have not been exhausted in state court and to stay the consideration of the petition in order to permit the petitioner to exhaust any unexhausted claims, the Court notes that the petitioner must show "1) that he had good cause for his failure to exhaust; 2) that his unexhausted claims are potentially meritorious; and 3) that he did not engage in intentionally dilatory litigation tactics." Whitley v. Ercole, 509 F. Supp 2d 410, 416 (S.D.N.Y. 2007) (citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005)).

The petitioner is advised that if the petitioner does not file a motion for leave to amend the petition, the Court will decide the petition on the submissions that have been made and

will not consider any claims raised for the first time in the petitioner's reply brief.

SO ORDERED.

Dated: New York, New York
       February 8, 2008

_____
John G. Koeltl
United States District Judge