USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO MUIR,

                              Petitioner,

            - against -

STATE OF NEW YORK,

                              Respondent.

07 Civ. 7573 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The petitioner has filed a motion requesting leave to amend his petition to include claims of ineffective assistance of trial and appellate counsel and a claim of lack of jurisdiction. These claims are not included in the present petition and are unexhausted in the state courts.  Because the claims are unexhausted, the Court construes the motion as a motion to stay the petition to allow the petitioner to exhaust the claims in the state courts, and if not successful, to seek the opportunity to amend the current petition to add the claims.

    Staying a petition to allow the exhaustion of a claim in state court is permissible where there is a showing of good cause for having failed to raise the claim, the claim is potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

Construing the allegations liberally and in the light most favorable to the pro se petitioner, the Court finds that the petitioner's generalized allegations in connection with his claims for ineffective assistance of trial and appellate counsel are sufficient to satisfy the standards under Rhines.  The petitioner has established good cause for having failed to raise the claim in the current petition based on alleged incomplete advice from his appellate counsel's supervisor, and based on the current record the Court could not find that these claims are not potentially meritorious if substantiated.  Furthermore, there is no indication that the petitioner was intentionally dilatory.  The Court will therefore grant a stay of the petition to allow the petitioner to exhaust these claims in state court.[1]

The petitioner has also made a "lack of jurisdiction" claim, but it is unclear from the allegations whether the petitioner is arguing a federal constitutional violation or simply a violation of state law.  To the extent the claim is premised on a defect in the state criminal complaint, this claim does not present a basis for federal habeas relief and does not provide a basis to stay the petition.  Almonte v. Lape, No. 05

---

[1] The Court notes that the petitioner has previously filed a motion for leave to amend the petition to include a claim challenging the legal sufficiency of the evidence at his trial, which the Court granted.  In the order granting the motion, the Court noted that the amendment was unnecessary in light of the fact that the respondent construed the petition to include a challenge to the legal sufficiency of the evidence and addressed this argument in its opposition.  (Docket No. 8.)

Civ. 1995, 2007 WL 586631, at *4 (S.D.N.Y. Feb. 22, 2007).  To the extent that the petitioner is raising a federal constitutional violation in this claim, the petitioner may raise this claim in any appropriate motion in state court.

The petition is **stayed** for 30 days to permit the petitioner the opportunity to make an appropriate motion in state court consistent with this Opinion.  If the petitioner makes such a motion within that time, the petition will remain stayed until 30 days after the decision on the petitioner's state court motion becomes final, including any appellate review including a petition for certiorari to the Untied States Supreme Court, or the time to file any such appellate review has passed.  Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (endorsing 30 day periods to initiate state proceedings and to return to the district court after exhaustion is completed); see also Rhines, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back.").  The parties should advise the Court when any time limit has passed such that the petition should no longer be stayed.

SO ORDERED.

Dated:    New York, New York
          May 8, 2008

                                    _____
                                         John G. Koeltl
                                    United States District Judge